IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
NORBERT R. HOHLBEIN d/b/a          )
BUILDERS & TRADESMEN'S INSURANCE   )
SERVICES, an individual; LAE       )
INSURANCE SERVICES, INC., a        )
California corporation; and ARLAN  )
KNUTSON INSURANCE AGENCY, a        )
California corporation,            )
                                   )   2:07-cv-365-GEB-KJM
               Plaintiffs,         )
                                   )
     v.                            )   ORDER*
                                   )
QUANTA U.S. HOLDINGS, INC., a      )
Delaware corporation; QUANTA       )
INDEMNITY COMPANY, a Colorado      )
corporation; QUANTA SPECIALTY LINES)
INSURANCE COMPANY, an Indiana      )
corporation; and DOES 1 through    )
100, inclusive,                    )
                                   )
               Defendants.         )
_____)
```

Plaintiffs move to remand this action to the state court from which it was removed. Defendants oppose this motion.

BACKGROUND

Plaintiffs filed the present action against Defendants on January 30, 2007 in the Superior Court of California for the County of

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Sacramento, in which all claims are alleged under California law. (Not. of Removal, Ex. A at 1.) Defendants removed this action on February 22, 2007 alleging diversity jurisdiction under 28 U.S.C. § 1332. (Id. at 1.)

Plaintiffs are all citizens of California. (Compl. ¶¶ 1-3.) Plaintiffs do not allege that Defendants Quanta U.S. Holdings and Quanta Indemnity Company are California citizens. (Id. ¶¶ 4,5.) The parties dispute whether Quanta Specialty Lines Insurance Company ("Quanta Specialty"), a surplus lines carrier licensed and incorporated in Indiana, is a citizen of California. (Defs.' Opp'n at 1:22-25.)

On May 25, 2006, Quanta Specialty's parent company, Quanta Capital Holdings Limited, announced it had decided to cease underwriting or seeking new business and that it was placing most of its insurance and reinsurance lines into orderly run-off. (Gerstein Decl. ¶ 4.) As a result, Quanta Specialty's placement on California's List of Eligible Surplus Lines Insurers ("LESLI") was terminated on October 2, 2006. (Id.)

DISCUSSION

I. Standard

An action filed in state court may be removed to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

II. Remand

Plaintiffs move to remand this action to state court arguing that removal was improper because complete diversity among the parties does not exist since Quanta Specialty has its principal place of business in California. (Pls.' Mot. at 1:4-9.) Defendants oppose the motion, arguing that Quanta Specialty is an Indiana corporation with its principal place of business in New York and therefore, removal was proper.[1] (Defs.' Opp'n at 1:16-18.)

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- . . . [c]itizens of different States." 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. § 1332(c)(1).

Two tests are applicable to the determination of a corporation's citizenship for purposes of removal. Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 500 (9th Cir. 2001).

> First, the "place of operations test" locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the "nerve center test" locates a corporation's principal place of business in the state where the majority of its

---

[1] Plaintiff waited until its Reply brief to argue that Quanta Specialty was required to post a bond pursuant to California Insurance Code section 1616 before filing its Opposition. (Pl.'s Reply at 2:1-12.) Defendants counter that Plaintiff cannot raise this new argument in its Reply. (Defs.' Objections at 5.) Since a new argument should not be raised for the first time in a Reply, this issue is not reached.

```
                executive and administrative functions are
                performed.
```

Id. (internal citations and quotation marks omitted).  "The Ninth Circuit has held that the 'place of operations' test should apply unless the corporation demonstrates that its activities do not substantially predominate in any one state."  Arellano v. Home Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1105-06 (S.D. Cal. 2003) (citing Tosco, 236 F.3d at 500).  "The Ninth Circuit employs a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place."  Tosco, 236 F.3d at 500.

All of Quanta Specialty's employees work from its New York office and therefore, it has no employees in California.  (Gerstein Decl. ¶¶ 3, 8.)  In addition, Quanta Specialty maintains "substantially all" of its tangible property in New York and maintains no tangible property in California.  (Id. ¶¶ 2,3.)

However, Plaintiffs contend California is Quanta Specialty's principal place of business since "52.8% of Quanta Specialty's direct premiums in 2006 were earned on California risks" and therefore, California is responsible for the majority of Quanta Specialty's income, and the location of the majority of Quanta Specialty's sales.  (Pls.' Reply at 3:26-28.)  Defendants declare that Plaintiff has not produced any new business in any state since May 2006 and that all of Quanta Specialty's remaining run-off activities are conducted primarily from its home office in New York rather than California.  (Gerstein Decl. ¶¶ 4, 5.)  Defendants do not present any evidence, however, showing Quanta Specialty is no longer receiving income from

California risks.  Further, Defendants admit Quanta Specialty continues to offer renewals on existing polices, including those in California, when "required to do so by law."  (Id. ¶ 4.)

"[S]ubstantial predominance [under the place of operations test] does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of [the] corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business."  Ho v. Ikon Office Solutions, Inc., 143 F. Supp. 2d 1163, 1164 (N.D. Cal. 2001).  Although Defendants have shown Quanta Specialty's employees and tangible property are in New York, Quanta Specialty's income and sales are predominantly centered in California.

Defendants further assert Quanta Specialty cannot be deemed a California citizen because it is a surplus lines carrier and the California Insurance Code prohibits Quanta Specialty from directly transacting business in California.  (Defs.' Opp'n at 4:7-9.) Defendants argue that since California law requires Quanta Specialty to transact business through another company which is authorized to write insurance policies in California, Quanta Specialty cannot be considered a California citizen.  (Id.)  However, Defendants cite no authority for its argument that this is a factor to consider in determining a corporation's principal place of business for diversity jurisdiction purposes.

Quanta Specialty has failed to show that California is not the state where a substantial predominance of its business activities are conducted and therefore, Plaintiffs' motion to remand will be granted.

III. Request for Attorney Fees

Plaintiffs request $5325 in attorney fees and costs incurred as a result of improper removal arguing Defendants failed to disclose facts necessary to determine jurisdiction. (Pls.' Mot. at 10:20-24.) Defendants rejoin that the "decision to remove this action to federal court was reasonable, proper and justified." (Defs.' Opp'n at 17.)

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of removal." 28 U.S.C. § 1448(c). "Such fee awards are within the sound discretion of the court." Rawson v. Tosco Ref. Co., 1996 WL 33991, at *4 (N.D. Cal. Jan. 24, 1996). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). There is no evidence Defendants removed this action for the purpose of prolonging the litigation or to impose costs on Plaintiffs. Therefore, Plaintiffs' request for attorney fees and costs is denied.

REMAND

This action is remanded to the Superior Court of California for the County of Sacramento.

IT IS SO ORDERED.

Dated: May 23, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge